OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Taurus J. McIver, filed April 21, 2005. On April 19, 2005, Appellant was sentenced to three years on one count of possession of drugs and six months on one count of possession of criminal tools to be served concurrently. In the course of executing a drug search warrant, on December 9, 2004, Dayton Police seized cocaine in an amount greater than 25 grams but less than 100 grams along with other evidence from 117 W. Parkwood Drive, Dayton, Ohio. Appellant was the only person in the residence at the time of the search. Appellant argues that the police failed to reasonably comply with the knock and announce rule set forth in O.R.C. 2935.12, and that they violated his Fourth and Fourteenth Amendment rights. He filed a Motion to Suppress, which the trial court overruled following an evidentiary hearing.
 {¶ 2} In reviewing a trial court's decision regarding a motion to suppress, we "` are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.'" State v. Hunter, Montgomery App. No. 19801,2003-Ohio-4204 (internal citations omitted).
 {¶ 3} Appellant's sole assignment of error is as follows:
 {¶ 4} "THE TRIAL COURT ERRED BY OVERRULING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE"
 {¶ 5} The common law knock and announce principle "is an element of the reasonableness inquiry under the Fourth Amendment" and requires that officers knock on the door and announce their identity and purpose prior to forcibly entering a residence. Wilson v. Arkansas (1995), 514 U.S. 927,934, 115 S.Ct. 1914, 131 L.Ed.2d 976. The rule is codified in O.R.C.2935.12, which provides that "[w]hen making an arrest or executing an arrest warrant or summons in lieu of an arrest warrant, or when executing a search warrant, the peace officer, law enforcement officer, or other authorized individual making the arrest or executing the warrant or summons may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest or to execute the warrant or summons, he is refused admittance, but the law enforcement officer or other authorized individual executing a search warrant shall not enter a house or building not described in the warrant." "Whether the police have complied with the knock and announce requirements depends on the facts and circumstances of each case." Statev. Allen (Jan. 18, 2002), Montgomery App. No. 18788 (holding that police officers who forced entry at 10:15 p.m., within 5-10 seconds of announcing their identity and purpose with a bullhorn and knocking on the door, gave the occupants of an apartment a reasonable opportunity to open the door, and that failure to open the door constituted a constructive refusal under O.R.C. 2935.12). "[F]orcible entry prior to a refusal may be justified by exigent circumstances where it appears that evidence `can and will be destroyed on short notice, or that compliance could place the officers in peril of great bodily harm.'" Hunter (finding a violation of the knock and announce rule, in the absence of exigent circumstances, where police announced their presence only two to five times while simultaneously knocking on the door, and then forced entry within two to five seconds).
 {¶ 6} The Sixth Circuit interpreted the federal "knock and announce" statute, 18 U.S.C. 310, and upheld a forcible entry within four seconds after a knock on the door, finding that "the presence of drugs in the place to be searched, while not a conclusive factor, lessens the length of time law enforcement must ordinarily wait outside before entering a residence." United States v. Spikes (6th Circuit 1998), 158 F.3d 913,926. Also, the warrant was executed in the middle of the morning, "when most people are awake and engaged in everyday activities." Id. at 927. Finally, "the method used by the police to alert those inside of their presence — the bullhorn — was so effective that neighbors had already exited their homes to observe the execution of the warrant before the police made their entry into the residence." Id.
 {¶ 7} In an Entry filed February 24, 2005, the trial court stated that an evidentiary hearing was held on February 2, 2005 and, "[f]or reasons stated on the record, the Defendant's Motion to Suppress is overruled." The evidentiary hearing was held on February 3, 2005, not February 2, and at the conclusion of the hearing, the court took the matter under advisement without making any findings of fact or conclusions of law. From the record before us, however, certain facts are clear. The Dayton Police conducted controlled buys of crack cocaine at 117 W. Parkwood Drive on or about November 30, 2004, and December 6, 2004. At the hearing on the Motion to Suppress, Narcotics Detective David L. House testified that he led a team of officers to the front door of the residence to execute the search warrant at approximately 8:50 p.m. He stated that a flickering light from a television on the first floor was visible, but that he did not see any one or detect any movement in or around the residence. House stated that Detective Joey Meyers opened the screen door and knocked on the interior door of the residence three or four times in rapid succession and announced their identity and intention. Also, House stated that Sergeant Harold Perry repeatedly announced their identity and intention with a bullhorn, from the moment Detective Meyers knocked on the door until the officers entered the residence. Approximately 15 or 20 seconds elapsed between the first announcement and the forced entry, according to Detective House. Detective Shawn D. Copley, who was conducting pre-entry surveillance down the block from the residence, testified at the hearing that he heard the bullhorn from a block away, although he did not know if the bullhorn was used prior to or after the forced entry.
 {¶ 8} The facts in the record meet the requirements of R.C. 2935.12
and the Fourth Amendment. The search warrant was issued because the police established probable cause to believe the residence contained drugs. Appellant was given notice of the police officers' identity and intention to execute the warrant at a time of day when most people are awake and mindful of their surroundings. From the flickering light of the television, the officers could reasonably infer that any occupants of the residence were awake and alerted by both the knocking and bullhorn. The bullhorn was so effective it was heard a block away. In light of these facts, 15-20 seconds was a reasonable time for the officers to wait before forcing entry. Indeed, as we noted in State v. Blue, Montgomery App. No. 20136, 2004-Ohio-2953, "15 to 20 seconds does not seem an unrealistic guess about the time someone would need to get in a position to rid his quarters of cocaine." Appellant's sole of assignment of error is overruled. The judgment of the trial court is affirmed.
Fain, J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).